(64 Misc. Rep. 302.)

### In re HOGAN.

(Supreme Court, Special Term, New York County. August 3, 1909.)

1. EXEMPTIONS (§ 68*)—EXCEPTIONS—NECESSARIES—AFFIDAVIT.

     An affidavit for special execution, reciting that the judgment recovered was for money loaned, was insufficient to authorize an execution against wages, under Code Civ. Proc. § 1391, as amended by Laws 1908, p. 433, c. 148, authorizing an execution against wages of the debtor on a judgment recovered for necessaries.

     [Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 68.*]

2. ASSIGNMENTS (§ 94*)—WAGES—RIGHTS OF ASSIGNEE.

     Where wages sought to be levied on were claimed to have been assigned, the court, on refusing a special execution, would not order the wages retained by the employer paid to the assignee, whose only remedy was to proceed to recover the wages in the ordinary manner.

     [Ed. Note.—For other cases, see Assignments, Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by Dennis Hogan for an order directing the issuance of an execution against the wages of Jacinto Costa, judgment debtor. On motion to vacate an ex parte order granting such execution. Granted.

See, also, 118 N. Y. Supp. 536.

George Parr, for judgment debtor.
Jacob Levy, for judgment creditor.

LEHMAN, J. The plaintiff, on the 30th day of April, 1900, recovered judgment against the defendant, and on the 27th day of October, 1908, obtained an ex parte order that execution issue pursuant to section 1391 of the Code of Civil Procedure (as amended by Laws 1908, p. 433, c. 148) against the salary of the judgment debtor. The judgment creditor now claims that the judgment was for necessaries, and the order that execution issue should not be vacated, even if the amendment of 1908 is not retroactive.

The original affidavit, made in October, 1908, does not state that the judgment was for necessaries, but simply for money loaned, and is, therefore, fatally defective, unless the amendment is retroactive. The order must, therefore, be vacated. The facts on this motion are similar to those in Rinschler v. Bell (opinion by Mr. Justice Erlanger, 118 N. Y. Supp. 536), and I shall grant the order on the conditions stated in that opinion. I do not think that the court should order the comptroller to pay the salary retained to the assignee. If the assignee is entitled to this amount, he must proceed in the usual way to obtain it.